IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JESSE LEE DRONES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0069 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to four (4) convictions, one of which was for the offense of aggravated robbery out of Harris County, Texas.[1] *See State v. Drones*, No. 486,228. By his federal habeas application, petitioner challenges a November 9, 2014 prison disciplinary proceeding conducted at the Clements Unit in Potter County, Texas wherein petitioner was found guilty of threatening to inflict harm on another offender and refusing or failing to obey orders.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and

---

[1] On December 30, 1987, petitioner was sentenced to 35 years imprisonment after being convicted of the July 21, 1987 offense of burglary of a habitation with the intent to commit sexual assault, the October 10, 1987 offense of burglary of a habitation, and the October 10, 1987 offense of aggravated robbery. *State v. Drones*, Nos. 488,772, 486,204 and 486,228 (Harris County, Texas). On May 22, 2002, petitioner was sentenced to 15 years imprisonment after being convicted of the May 26, 1998 offense of assault on a public servant. *State v. Drones*, No. 20,028-C (Walker County, Texas). Such sentence is to run consecutive to his 35-year concurrent sentences.

HB54\DISCIP\R&R\DRONES-69.INEL-AGGROB:2

have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is incarcerated pursuant to the October 10, 1987 aggravated robbery offense. As of September 1, 1987, a prisoner serving a sentence for the offense of aggravated robbery is not eligible for mandatory supervised release. Tex. Code Crim. Proc. art. 42.18, §(8)(c)(11) (1987). As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

Even if petitioner could challenge the November 9, 2014 disciplinary ruling by way of federal habeas corpus, the relief petitioner seeks is not relief that can be granted in a habeas corpus proceeding. Although petitioner lost 45 days previously accrued good time credits as punishment for the offenses, petitioner seeks only the lifting of cell restrictions which were also imposed as punishment for the offenses. The other punishment petitioner was assessed did not constitute changes in the conditions of petitioner's confinement which implicated the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Petitioner may not challenge the imposition of cell or other restrictions in federal habeas corpus.

Petitioner has attached several pages to his habeas petition. To the extent, if any, petitioner is attempting to challenge his underlying convictions from 1987, petitioner's challenges appear to be barred by the statute of limitations for bringing such claims. Moreover, to the extent, if any, petitioner is challenging the calculation of his sentences, such claims also appear to time barred. In any event, those additional claims, if there are any, are not properly before the Court.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United

States District Judge that the petition for a writ of habeas corpus filed by petitioner JESSE LEE DRONES be DISMISSED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___11th___ day of June 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).